H. L. GRIGSBY, State Superintendent of Banks, etc., Receiver, et al. v. RHODE ISLAND INSURANCE COMPANY.

and

H. L. GRIGSBY, State Superintendent of Banks, etc., Receiver, et al. v. GLOBE & RUTGERS INSURANCE COMPANY.

(Consolidated Causes.)

Western Section.   April 9, 1930.

Petition for Certiorari denied by Supreme Court, June 28, 1930.

Fitzhugh, Murrah & Fitzhugh, of Memphis, for appellant.
John Vorder Bruegge and R. L. Bartels, of Memphis, for appellee.

388

SENTER, J. The original bills were filed in the respective causes by H. L. Grigsby, State Superintendent of Banks of the State of Tennessee, and Receiver; the Fraternal Savings Bank & Trust Company; and the Fraternal & Solvent Bank & Trust Company, against the respective defendants, on insurance policies issued by the respective defendants on a certain building situated in the State of Arkansas, and alleged to have been owned by the Fraternal Savings Bank & Trust Company, to whom the respective fire insurance policies were issued. The two causes were consolidated by order of the court since the respective cases involve the same questions of law and fact.

The respective defendants answered the bills and denied the material allegations of the bill, and by way of further answer, they each denied the right of complainant, State Superintendent of Banks and Receiver, to sue on the respective policies. The respective answers further set out that the policies contained certain provisions whereby a change in ownership of the property insured without the consent of the insurer rendered the policies void, and alleged that after the respective policies were issued to the then owner of the property insured, that the Fraternal Savings Bank & Trust Company, the owner, entered into a merger arrangement whereby the property and assets of the Fraternal Savings Bank & Trust Company were merged with the property and assets of the Solvent Bank & Trust Company, and that this merger occurred on October 1, 1927, prior to the date of the fire which destroyed the building, and that after said merger the two merged banks operated under the new name of "Fraternal & Solvent Bank & Trust Company." Both of these banks were negro banks in the City of Memphis.

At the hearing of the cause the Chancellor decreed judgments in the respective cases against the respective insurance companies and in favor of Fraternal Savings Bank & Trust Company, for the amount of the respective policies of $2500 each, but denied a recovery for the statutory penalty sued for.

From this decree both defendant insurance companies have appealed to this court and have assigned errors. By consent and stipulation only one transcript is sent up and the causes are consolidated for hearing in this court.

There is but little, if any, conflict or controversy as to the facts, and what controversy there is with reference to the facts is not on matters of evidence but the legal effect of the evidence is made a question.

By the four assignments of error it is insisted that the court erred in holding that there was no merger of the Fraternal Savings Bank & Trust Company and the Solvent Savings Bank & Trust Company, as of October 1, 1927, by virtue of which the assets including the property covered by the insurance policies sued on were transferred

and conveyed by the Fraternal Savings Bank & Trust Company, the party insured, to the Solvent Savings Bank & Trust Company, or Fraternal & Solvent Bank & Trust Company, and, therefore, there was no change of interest and title to the property insured which rendered the policies void. That the court also erred in holding that the complainant, Grigsby, Superintendent of Banks, and Receiver of the Fraternal & Solvent Bank & Trust Company, was not estopped judicially or otherwise to assert and claim that there had been no legal merger of the Fraternal Savings Bank & Trust Company and the Solvent Savings Bank & Trust Company, and, therefore, no change of interest and title to the property covered by the insurance policies sued on, and that the title and interest to said property is still in the Fraternal Savings Bank & Trust Company, in its individual and corporate capacity, the same as when said policies were issued. And the further contention that the court erred in holding that the Fraternal Savings Bank & Trust Company, is still the holder in its same individual and corporate capacity of the assets held, including the property covered by these insurance policies, at the time said policies were issued; and that it is entitled to sue the defendants at this time in its individual and corporate capacity as the owner of the property covered by these insurance policies; and in further ordering that the Fraternal Savings Bank & Trust Company be made a party complainant in this cause in its individual and corporate capacity after a hearing of the cause in order that a decree might be rendered in its favor in such capacity against these defendants. It is thus seen that by the assignments of error three propositions of law are relied upon by appellant for a reversal of the decrees.

There is contained in the record a finding of the facts and opinion by the Chancellor, and since the finding of the facts as found by the Chancellor, and the opinion of the Chancellor based thereon, presents in a very clear and comprehensive statement the facts and the conclusions of law, and to which the assignments of error are directed, we deem it proper to set out the findings of the facts and the conclusions of the Chancellor, and which are as follows:

"(1) These are two suits to recover of each of the respective defendants the sum of $2,500 as the principal amounts due upon the two fire insurance policies. It appears that on August 9, 1927, defendant, Rhode Island Insurance Company, issued its contract of insurance to Fraternal Savings Bank & Trust Company for the term of one year, insuring a two story building occupied for mercantile and dwelling purposes, in the town of Edmondson, Arkansas, owned by said Bank, against loss by fire. On the same date, defendant, Globe Rutgers Fire Insurance Company, issued a similar policy of fire insurance, covering the same property for the period of one year, to said Fraternal

Savings Bank & Trust Company, each policy permitted other insurance. On March 17, 1928, the insured property was totally destroyed by fire. Notice of said loss was given defendant and proof of loss was furnished. The original policies could not be found, but copies thereof have been duly supplied and are to be found in the record.

"(2) The Fraternal Savings Bank & Trust Company was incorporated under the laws of the State of Tennessee, on July 7, 1908, under the name of 'Tennessee Pythian Savings Bank & Trust Company.' On January 28, 1910, by amendment to its charter, the name of the corporation was changed to 'Fraternal Savings Bank & Trust Company.' There has been no other amendments to its charter, and the original charter has never been surrendered.

"(3) The Solvent Savings Bank & Trust Company was incorporated under the laws of the State of Tennessee on the 24th day of January, 1906. The only amendment made to its charter, was one increasing the capital stock; said amendment being of date February 9, 1920.

"(4) On September 30, 1927, the board of directors of the Solvent Savings Bank & Trust Company approved by resolution, unanimously adopted, a plan of merger of said bank and the Fraternal Savings Bank & Trust Company which plan was as follows:

"'That the Banks consolidate upon equal basis throwing all assets together and assuming both banks liabilities; that the capital stock be equal owners of shares in Fraternal Savings Bank be given equal shares in the merged bank, same with shareholders of the Solvent Savings Bank; that permission be asked to change the name of Solvent Savings Bank & Trust Company to Fraternal & Solvent Bank & Trust Company, and operate under the charter of the Solvent Bank, since they have an authorized capital of one hundred thousand dollars. That we raise $25,000 in new capital, which with the present capital of the two banks will give the merged bank a capital of $100,000; that the charter of the Fraternal Savings Bank & Trust Company be surrendered. That the Board of Directors of both banks became a board of the consolidated bank. That the present elected officers resign and the consolidated Board elect the following officers to serve until the regular annual meeting of the stockholders in January, 1928.'

"Thus, it appears, that the merged banks were to operate under the charter of the Solvent Savings Bank & Trust Company, and an amendment to that charter was to be sought changing the name to 'Fraternal & Solvent Bank & Trust Company.' It does not appear that the stockholders of the Solvent Savings

Bank & Trust Company or the Fraternal Savings Bank & Trust Company ever approved or authorized said merger. The charter of the said Solvent Savings Bank & Trust Company was not amended so as to change its name to 'Fraternal & Solvent B in & Trust Company.'

"The Minute Book of the Fraternal Savings Bank & Trust Company, from March 31, 1922, to December 29, 1926, make no reference to a merger with the Solvent Savings Bank & Trust Company. From and after the last mentioned date no minutes appear to have been kept. The charter of the Fraternal Savings Bank & Trust Company was not surrendered.

"The merger of the two banks was never approved by Banking Department of the State of Tennessee. Nevertheless, on October 1, 1927, the two banks commenced to occupy the same quarters and conduct therein a banking business under the name and style of 'Fraternal & Solvent Bank & Trust Company.'

"They opened a new general ledger, as merged banks, on which all general entries were made. They kept their individual ledgers, both commercial and savings, of the Fraternal Savings Bank & Trust Company, also the individual ledgers, both commercial and savings, of the Solvent Savings Bank & Trust Company, as they were before October 1, 1927, and charging the checks and crediting the deposits as they came in to the various accounts of both banks. New business was opened on the individual ledgers that belonged to the Fraternal Bank before the two banks merged. After October 1, 1927, the two banks did new business only as the 'Fraternal & Solvent Bank & Trust Company,' which, as I hereinbefore pointed out, was to have been the name adopted by amendment to the charter of the Solvent Savings Bank & Trust Company. The situation was that two regularly chartered banks got together and conducted a joint banking business, without authority of the stockholders of either, and without authority of the Banking Department of the State of Tennessee, under the name and style of 'Fraternal & Solvent Bank & Trust Company.'

"In my opinion the attempted merger of the two banks was void and of no effect because (a) not authorized or approved by the stockholders of the respective banks and (b) because not approved by the Banking Department of the State of Tennessee. It follows that no assets of the Fraternal Bank & Trust Company passed to the Solvent Savings Bank & Trust Company, either under that name or under the new name it was to adopt by amendment to its charter. The title to the property covered by said two policies of fire insurance did not pass out of the

Fraternal Savings Bank & Trust Company to the Solvent Savings Bank & Trust Company.

"(5) It appears from an inspection of the two bills now before the court that the Fraternal Savings Bank & Trust Company, is named a party complainant in the caption thereto. H. L. Grigsby, superintendent of Banks of the State of Tennessee, was appointed Receiver on December 30, 1927, upon his petition, of 'Fraternal & Solvent Bank & Trust Company,' averred by him to be 'a banking corporation organized under the laws of said State.' This appointment was made in the case styled State of Tennessee, ex rel., H. L. Grigsby, Superintendent of Banks v. Fraternal & Solvent Bank & Trust Company, No. 35, 162 R. D., pending in part two of this court before Chancellor M. C. Ketchum. It is insisted by learned counsel for defendant herein, that the Receiver having, under oath in a pleading filed in court asserted that the Fraternal & Solvent Bank & Trust Company was a corporation, and that there was a trade merger between said banks, he cannot now, be heard to say that it was not a corporation, and that then was a trade merger. In view of the fact that it is undenied that the Fraternal & Solvent Bank & Trust Company was not incorporated, and the record showing there was no merger, the allegation that it was incorporated and that said bank had merged was a clear mistake, and, hence no judicial estoppel. However, whether the Fraternal & Solvent Bank & Trust Company was incorporated or not, it is certain that the attempted merger of the Fraternal Bank & Trust Company with the Solvent Bank & Trust Company was ineffective and void. Our only concern is with the question of whether or not title to the insured property passed out of the insured prior to loss. We are bound to answer this question in the negative, when it is considered that no valid transfer was made by the insured of said property by deed or authorized action of its Board of Directors, or stockholders.

"Furthermore, there is nothing whatever appearing in the minutes of the Board of Directors of the Fraternal Bank about a merger with the Solvent Bank. No legal merger could, of course, have taken place without the corporate action of both banks and the approval of the State Superintendent of Banks. Sec. 3273a92, Shan. Anno. Code, provides:

"'No bank incorporated under the laws of this State shall have authority or power to increase or decrease its capital stock, or consolidate or merge with any other bank, except in pursuance of the provisions of the articles; and before such increase or decrease of the capital stock of any bank, or before the consolidation or merger of any bank into another bank, a

written application must be filed by the bank desiring to consolidate or merge with another bank, with the Superintendent of Banks, stating the facts in regard thereto; and before such merger or consolidation becomes effective, the superintendent of banks must examine into proceedings to increase or decrease the capital stock, or the consolidation or merger and must issue his certificate in triplicate certifying that the increase or decrease of the capital stock, or consolidation or merger, has been in pursuance of the requirements of law, etc.'

"The requirements of this statute were not observed; hence, other objections aside, there was no 'effective' merger of the two banks. An invalid or ineffectual transfer of property does not avoid a policy of insurance. (Richard on Insurance, p. 347.)

"The records before the court show that no Receiver was appointed for the Fraternal Savings Bank & Trust Company, Grigsby, Superintendent of Banks was appointed Receiver for 'Fraternal Solvent Bank & Trust Company,' the name which the Solvent Savings Bank & Trust Company agreed to adopt by charter amendment, which it never did.

"(6) It is urged on behalf of defendant, in argument, that the Fraternal Savings Bank & Trust Company, is not a party to this suit. It appears from an inspection of the two bills that said bank is named a party complainant in the caption thereof. However, if not named complainant, such omission would be no sufficient cause for the dismissal of the bills for non-joiner of parties (Shan. 6135). The court may, at any stage of the cause, even after argument, if to be thought necessary to justice, permit amendments to the bill (Shan. 6145). If defendant at the hearing object for want of parties, not having previously taken the objection by plea, answer or demurrer the court may render a decree saving the rights of the parties not before it, or grant leave to amend on terms not extending beyond payment of costs (Shan. 6147). To place the question beyond dispute, as to whether or not the said bank is a party complainant, the court will permit the bill to be amended so as to make it a party to both suits.

"(7) In my opinion complainant, Fraternal Savings Bank & Trust Company is entitled to recover on the contracts of insurance sued on, with interest. The penalty sued on for is disallowed."

We are of the opinion that under the facts as disclosed by the record the proposed merger by these two banking corporations was not effective. While it appears that the officers of the respective banks acted upon the assumption that the merger had been made, at least as to all transactions, occurring after about October 1, 1927, yet

it appears that this only applied to new business and to new accounts, nor do we think that the facts would warrant the conclusion that the proposed new corporation, Fraternal & Solvent Bank & Trust Company, was a de facto corporation. There was no application filed with the Secretary of State for an amendment to the charter so as to change the name of the corporation after the alleged merger, and so far as. the record discloses all that was ever done toward a change in the name from "Solvent Bank & Trust Company" to "Fraternal & Solvent Bank & Trust Company" was the fact alone that after the alleged merger the officers of the bank assumed to and did conduct the business under the new name. However, under the view taken by the Chancellor, the merger never having been completed, the title to the real estate involved never passed to the proposed new corporation, and the ownership remained in the Fraternal Savings Bank & Trust Company, the owner of the property at the time it was insured. The Chancellor did not decree a recovery in favor of the complainant, State Superintendent of Banks and Receiver, but the recovery was allowed · by the Chancellor in favor of the Fraternal Savings Bank & Trust Company.

By certain of the assignments of error it is contended that the Chancellor could not have suggested and permitted an amendment to the original bill so as to make the Fraternal Savings Bank & Trust Company a party complainant. The caption of the original bill shows the suit to have been by the State Superintendent of Banks in his capacity as Receiver, and by the Fraternal Savings Bank & Trust Company, and the Fraternal & Solvent Bank & Trust Company, but the body of the bill did not allege ownership of the property in the Fraternal Savings Bank & Trust Company, but there was a prayer for general relief.

It is true the original bill proceeded on the theory that the Superintendent of Banks as Receiver was entitled to the recovery, and on the further theory that there had been a merger of the two· banks, but the facts disclose that the merger had not been effectuated for the reasons set forth in the finding of the facts as found by the Chancellor. The Fraternal Savings Bank & Trust Company having been made a party complainant in the caption of the bill, in order to clarify and relieve of any ambiguity or doubt the amendment was suggested and allowed, making the Fraternal Savings Bank & Trust Company, a party complainant by specific language. In this we find no error, and no abuse of the discretionary powers of the Chancellor.

By the third assignment of error it is contended by appellant that because of the statements contained in the bill filed by the State Superintendent of Banks for the purpose of liquidating the Fraternal & Solvent Bank & Trust Company, and because of the allegations contained in that bill in which he was appointed the receiver; and because of certain averments contained in the subsequent-

ly filed petition wherein it was alleged that there had been a merger of the two banks, and the further proceedings under the pleadings in the original cause, that the State Superintendent of Banks was estopped in the present suit to deny that the merger had been legal and effectual, and that under the rule of judicial estoppel he could not now take the position that there had been no legal merger. We do not think that the rule of judicial estoppel or other estoppel would apply to the present suit. This is a suit against the respective insurance companies on policies of fire insurance, and under the facts as disclosed by the record it does not appear that the Fraternal Savings Bank & Trust Company had ever surrendered its charter, or that the merger had been perfected, legally, or that it had ceased to be the owner of the property insured. The Fraternal Savings Bank & Trust Company was not a party to the other suit seeking a receivership, and was not a party to the petition wherein the allegations of a merger were contained. It was made a party to this suit, and whatever rights the Fraternal Savings Bank & Trust Company had to maintain the suit was in no way affected by the pleadings in the former suit and the petition referred to and relied upon by appellees.

We find no error in the decree of the Chancellor. The assignments of error are accordingly overruled, and judgment will be rendered here for the amount of the respective judgment below against the respective defendants and sureties on the appeal bonds, in favor of the Fraternal Savings Bank & Trust Company, with interest from the date of the decree below, and the cost of the causes, including the cost of this appeal.

Owen and Heiskell, JJ., concur.